IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **RODERICK HAMILTON,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | **CIVIL NO. 06-597-DRH** |
| ) | |
| **ROGER E. WALKER, JR.,** *et al.*, ) | |
| ) | |
| **Defendants.** ) | |

**MEMORANDUM AND ORDER**

**HERNDON, District Judge:**

Plaintiff, currently an inmate in the Stateville Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is legally frivolous and thus subject to summary dismissal.

In this action, Plaintiff challenges the computation of his sentence. Although not clearly stated, Plaintiff appears to be arguing that Defendants should be including his term of mandatory

supervised release when they compute the statutory good conduct credit to which he is entitled. Because Defendants are not doing a proper calculation, he argues that he will serve a longer sentence than that imposed by the trial court. For these miscalculations, Plaintiff seeks $250,000 in compensatory damages and $100,000 in punitive damages against each Defendant.

Habeas corpus is the sole federal remedy for challenging the fact or duration of an inmate's confinement. *Preiser v. Rodriguez,* 411 U.S. 475, 500 (1973). Even where a plaintiff seeks damages, habeas is still the only remedy when a ruling in his favor would call into question his continued confinement. *See Heck v. Humphrey*, 512 U.S. 477 (1994). Before petitioning a federal court for a writ of habeas corpus, however, a plaintiff must first exhaust his state remedies. *Id.* An action for mandamus in Illinois circuit court is the proper method of challenging the Department of Correction's failure to award good time credits. *McAtee v. Cowan*, 250 F.3d 506, 508 (7th Cir. 2001); *Guzzo v. Snyder*, 326 Ill.App.3d 1058, 261 Ill.Dec. 94, 762 N.E.2d 663, 668-69 (2001); *see also* 735 ILCS 5/14-101 *et seq*. (Illinois' mandamus statute).

Accordingly, the Court is unable to provide Plaintiff with his requested relief, and this action is **DISMISSED**, and all pending motions are now **MOOT**. Dismissal is without prejudice to Plaintiff pursuing his claims in a properly filed petition for writ of habeas corpus, but only after he has exhausted his state court remedies with respect to those claims. The Clerk shall **CLOSE THIS CASE**.

**IT IS SO ORDERED.**

**DATED:   January 4, 2007.**

/s/   David   RHerndon
**DISTRICT JUDGE**